IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No. 4:08-cr-00876-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Hakeem Abduk Johnson, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court is Defendant's [202] "Motion for Writ of Coram Nobis on Constitutional and Equal Protection Rights to Dismiss the Indictment pursuant to Title 841(a)(1) § § 846 and Ineffective Assistance of Counsel Claim." Defendant entered a plea of guilty on February 26, 2009 to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and a quantity of cocaine. He was sentenced to 168 months imprisonment followed by five (5) years of supervised release, judgment being entered on June 17, 2009. The Fourth Circuit affirmed on July 22, 2010, and the mandate was issued on August 13, 2010. On August 15, 2011, Defendant filed a *pro se* motion for retroactive application of sentencing guidelines to crack offense. This Court denied the motion on February 24, 2012 on the basis that the defendant's guideline range remained the same. Defendant filed the motion now before the Court on July 23, 2012. The government filed a Response in Opposition on August 6, 2012, and the defendant filed a Reply on September 19, 2012. No petition has been filed under 28 U.S.C. Section 2255, and such a petition would now be untimely.

Defendant contends in his motion that the Court should vacate his conviction and sentence because the indictment allegedly did not mention Section 841(b) or any drug quantity. However,

the record reveals that Count 1 of the Indictment (ECF No. 36) does in fact mention Section 841(b) and refers to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and a quantity of cocaine.

Moreover, the writ of error *coram nobis* is a remedy of last resort and is issued where there is an error "of the most fundamental character." *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012). "Usually, a writ of *coram nobis* is used to attack a judgment that was infirm at the time it issued, for reasons that later came to light." *U.S. v. Sessoms*, 488 Fed. App'x 737 (4th Cir. 2012), citing *United States v. Torres*, 282 F.3d 1241, 1245 n. 6 (10th Cir. 2002). "A writ of error *coram nobis* may be used to vacate a conviction where there is a fundamental error resulting in conviction, and no other means of relief is available." *Sessoms*, citing *United States v. Morgan*, 346 U.S. 502, 509-11 (1954) and *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012). A petitioner seeking a writ of error *coram nobis* must show that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character. This writ is only available where the defendant is no longer in custody. *Akinsade*, 686 F.3d at 252.

Here, Defendant has not set forth any valid reason why he neglected to raise these issues the usual way in his direct appeal or in a timely Section 2255 petition. There is no fundamental error, and the defendant is still in custody. The petition is **DENIED**.

**AND IT IS SO ORDERED**.

April 18, 2013                                  s/R. Bryan Harwell
Florence, SC                                    R. Bryan Harwell
                                                United States District Judge